IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  5:04cr16/MCR/GRJ
 5:16cv255/MCR/GRJ

CHAD CHRISTOPHER PYNE,

## **REPORT AND RECOMMENDATION**

The Government has moved to dismiss Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody." (*See* ECF Nos. 63, 69.) It contends that the petition is moot in light of the executive grant of clemency.

Petitioner filed a motion pursuant to 28 U.S.C. § 2255 seeking sentencing relief under *Johnson v. United States,* 135 S. Ct. 2551 (2015). (ECF No. 63.) In *Johnson*, the Supreme Court held unconstitutional the residual clause portion of the definition of crime of violence contained in the Armed Career Criminal Act ("ACCA"). Petitioner was not sentenced under the ACCA, but through his motion, sought to extend the application of *Johnson* to the residual clause contained in the career offender provisions of the United States Sentencing Guidelines.

Case Nos.: 5:04cr16/MCR/GRJ; 5:16cv220/MCR/GRJ

Petitioner's current sentence of 262 months was imposed on January 5, 2006. (ECF Nos. 57, 58.) This sentence was at the bottom of the applicable guidelines range, which is based on a Total Offense Level of 34 and a Criminal History Category of VI, and includes a career offender enhancement. (*See* ECF No. 59.) The Presentence Investigation Report reflects that absent the Chapter Four enhancement, Petitioner's total offense level would have been 33 and his Criminal History Category would have been IV, yielding a guidelines range of 188 to 235 months. (*See* ECF No. 70, PSR ¶¶ 18-26, 40-42.)[1]

Petitioner's claim that *Johnson* forecloses the application of the career offender enhancement in his case was, and as of the date of this recommendation still is, foreclosed by binding circuit precedent. *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015). The Supreme Court granted certiorari in *Beckles v. United States,* 136 S. Ct. 2510 (2016) to consider three questions regarding the application of *Johnson* to the

---

[1] The district court initially used this calculation, without applying the Career Offender enhancement, to sentence Petitioner to a term of 200 months. The Eleventh Circuit vacated this sentence and remanded, ordering the court to determine whether Pyne was a career offender, properly calculate the guidelines range in accordance with that finding, and sentence him under an advisory Guidelines regime, considering both the properly calculated Guidelines range and other statutorily permissible sentencing considerations. (ECF No. 53.)

Case Nos.: 5:04cr16/MCR/GRJ; 5:16cv220/MCR/GRJ

identically worded residual clause in the career offender guideline.[2] In recognition of the fact that the decision in *Beckles* could affect the disposition of Petitioner's motion, the Government requested a stay to file its response until *Beckles* was decided, or in the alternative moved to dismiss the motion pursuant to *Matchett.* (ECF No. 67.) The court granted the Government's request for a stay until January 6, 2017. (ECF No. 68.)

In the meantime, on December 19, 2016, President Obama issued an Executive Grant of Clemency to Petitioner Pyne, and others, directing that his term of imprisonment expire on December 19, 2018. (ECF No. 69-1.) The Government asserts that this clemency has the effect of reducing Petitioner's sentence of imprisonment from 262 months to 155 months and 14 days. (ECF No. 69 at 2-3.) Therefore, it argues that the motion is moot because the relief afforded via the Executive Grant of Clemency is greater than the relief sought through Petitioner's § 2255 motion, to wit, a sentence between 188 and 235 months. The Government's calculation, which it states begins on the date of Petitioner's resentencing on January 5, 2006 (*see* ECF No. 69 at 3), is flawed in that it does not factor in the time

---

[2] The guidelines were amended effective August 1, 2016 to remove this clause.

Case Nos.: 5:04cr16/MCR/GRJ; 5:16cv220/MCR/GRJ

Petitioner served before his resentencing. Similarly, the Government's suggestion of mootness does not acknowledge the possible application of "good time" credit.

The record reflects that Petitioner has been detained since April of 2004. (*See* ECF No. 7.) Thus, if he receives continuous credit for time served towards the instant sentence, by December 19, 2018 he will have served over 176 months in custody. If, after *Beckles*, Petitioner were entitled to resentencing without the career offender, the applicable Guidelines range would be 188 to 235 months. Factoring in good time credit of up to 54 days per year, it is possible, if not probable, that Petitioner would be entitled to release before the date set by the Executive Order Granting Clemency.

For instance, if the district court sentenced Petitioner at the bottom of the recalculated guideline range to a term of 188 months, he could be entitled to up to 845 days of good time credit. Even if the court re-sentenced him to the term of 200 months that it originally imposed, he could be entitled to up to 899 days of good time credit.[3]  In either event, the

---

[3] The undersigned has confirmed through the United States Probation Office for his district that Petitioner has lost some, but relatively little, of the good time credit he could

total term served could be days, or months, less than the 176 months of actual time Petitioner would serve if he is in custody from April of 2004 until December 19, 2018. The Supreme Court has stated that "any amount of actual jail time has Sixth Amendment significance." *Glover v. United States*, 531 U.S. 198, 203 (2001). Therefore, Petitioner's motion is not moot, and the Government's motion should be denied.

Obviously, at this juncture, the Supreme Court has not issued its decision in *Beckles*. In conjunction with this recommendation, the undersigned also recommends that the Government's deadline for filing a supplemental response based on *Beckles,* or a motion for extension of time in which to do so, should be extended until March 27, 2017.

Based on the foregoing, it is respectfully **RECOMMENDED**:

The Government's Motion to Dismiss (ECF No. 69) should be **DENIED,** and the Government should be directed to file a supplemental response to

---

have earned since his incarceration. These figures are not intended to reflect the loss of good time credit.

Case Nos.: 5:04cr16/MCR/GRJ; 5:16cv220/MCR/GRJ

Petitioner's § 2255 Motion or a motion for extension of time in which to do so, on or before March 27, 2017.

**IN CHAMBERS** at Gainesville, Florida, this 5th day of January 2017.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:04cr16/MCR/GRJ; 5:16cv220/MCR/GRJ