IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.: 5:04cr16/MCR/MJF
 5:16cv220/MCR/MJF

CHAD CHRISTOPHER PYNE,

      Defendant.
_____

# **REPORT AND RECOMMENDATION**

Defendant Chad Christopher Pyne filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 63.)[1] Upon the Government's motion, the case was stayed pending a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). (ECF Nos. 67, 68.) After the

---

[1] After Defendant filed the instant motion, President Obama issued an Executive Grant of Clemency to him on December 19, 2016, directing that his term of imprisonment expire on December 19, 2018. (*See* ECF No. 69-1.) The Government filed a motion to dismiss Defendant's § 2255 motion, arguing that the motion was moot because the Executive Grant of Clemency afforded greater relief than the relief sought in Defendant's motion, to wit, a sentence between 188 and 235 months. (ECF No. 69.) The court issued a report and recommendation recommending that the Government's motion to dismiss be denied, concluding that the Government's calculation of Defendant's sentence did not factor in time served before Defendant's resentencing and the possibility of "good time" credit. (ECF No. 71 at 3-5.) In addition, the court noted that *Beckles* had not yet been decided. The district court adopted the report and recommendation and denied the Government's motion to dismiss. (ECF No. 73.)

Case Nos.: 5:04cr16/MCR/MJF; 5:16cv220/MCR/MJF

*Beckles* decision issued, the Government filed a supplemental response in opposition. (ECF No. 72.) Defendant did not file a reply. After a review of the record, it is the opinion of the undersigned that Defendant's motion should be denied and dismissed as untimely.

## BACKGROUND and ANALYSIS

On May 26, 2004, Defendant pleaded guilty to two counts of a three-count indictment: conspiracy to manufacture, distribute and possess with intent to distribute more than 50 grams of methamphetamine and more than 500 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846 (Count One), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). (ECF No. 14.) A Presentence Investigation Report ("PSR") was prepared which reflected a history of at least three prior convictions for either a violent felony or a serious drug offense. These convictions included the instant controlled substance offense and two 1996 Michigan convictions of attempted home invasion. (ECF No. 70, PSR ¶¶ 35, 36.) The court determined that Defendant qualified as a career offender under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1. (ECF No. 70, PSR ¶ 27.) The PSR calculated Defendant's total offense level at 34 and

Case Nos.: 5:04cr16/MCR/MJF; 5:16cv220/MCR/MJF

his criminal history category at VI.   His applicable Guidelines' range was 262 to 327 months' imprisonment, which included a mandatory minimum term of 120 months' imprisonment.   (ECF No. 70 at 14, PSR ¶¶ 63, 64.)

In August of 2004, the court sentenced Defendant to 200 months' imprisonment on Count One and to 120 months' imprisonment on Count Three, to run concurrently, followed by five years of supervised release.   (ECF No. 22.) The court granted a downward departure of 62 months, sentencing Defendant at a Guideline range that would have been applicable if Defendant were not a career offender because the court determined that Defendant's criminal history category over-represented the seriousness of his prior convictions.   (*See* ECF No. 44 at 14-16.)

Defendant appealed his sentence, and the Government cross-appealed.   The Eleventh Circuit Court of Appeals found that the court erred in downward departing from the career offender criminal history by more than one criminal history category and in improperly basing the departure on the underlying facts of Defendant's prior convictions. (ECF No. 53.) The Eleventh Circuit also found that the court had committed an error pursuant to *United States v. Booker*, 543 U.S. 220 (2005), in

sentencing Defendant under the mandatory Guidelines. The court vacated the sentence and remanded for resentencing under the advisory Guidelines.

On January 12, 2006, the court sentenced Defendant to 262 months' imprisonment on Count One and to 120 months' imprisonment on Count Three, to run concurrently, followed by a total of five years of supervised release. (ECF No. 58.) Defendant was again found to be a career offender by the court, but the court determined that no departures from the Guidelines were warranted. (ECF No. 59.) Defendant did not file appeal his resentencing.

Because Defendant did not appeal, his judgment of conviction became final on the date on which his time for doing so expired, ten days from the entry of the amended judgment in this case. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *see Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); *Ramirez v. United States*, 146 F. App'x 325 (11th Cir. 2005). Defendant's judgment of conviction became final on January 23, 2006, and to have been timely filed, his § 2255 motion had to be filed no later than one year from that date, or by January 23, 2007. Therefore, Defendant's motion dated June 24, 2016, and received by the clerk on June 27, 2016, is facially untimely.[2]

---

[2] Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this

Case Nos.: 5:04cr16/MCR/MJF; 5:16cv220/MCR/MJF

In his motion, Defendant raises the sole claim that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), should apply to invalidate the residual clause of the Sentencing Guidelines, thereby invalidating his career offender designation. (ECF No. 63 at 16-17.) The court will address this argument to the extent necessary to explain why *Johnson* does not make Defendant's motion timely. In *Johnson*, the Supreme Court ruled that the Armed Career Criminal Act's ("ACCA") "residual clause" was unconstitutionally vague. Under the ACCA, a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [*known as the*

---

section. The one-year period of time runs from the latest of:

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Case Nos.: 5:04cr16/MCR/MJF; 5:16cv220/MCR/MJF

*elements clause*] or (ii) is burglary, arson, or extortion, involves the use of explosives [*known as the enumerated offenses clause*] or otherwise involves conduct that presents a serious potential risk of physical injury to another [*known as the residual clause*]." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater Guidelines' range pursuant to U.S.S.G. § 4B1.4. After *Johnson*, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. The Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016). Defendant alleges that his motion is timely under *Welch.* (ECF No. 63 at 12.)

The premise of Defendant's argument is that the reasoning in *Johnson* which invalidated the ACCA's residual clause on vagueness grounds should extend to and invalidate the residual clause of the advisory Guidelines' definition of a "crime of violence." *See* U.S.S.G. § 4B1.2(a). The Government responds, correctly, that Defendant's argument is foreclosed by the Supreme Court's decision in *Beckles*, *supra*, in which the Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause because they merely guide the

Case Nos.: 5:04cr16/MCR/MJF; 5:16cv220/MCR/MJF

exercise of a court's discretion in choosing an appropriate sentence within the statutory range. (ECF No. 72 at 3.) *See Beckles*, 137 S. Ct. at 892. The ACCA's residual clause, on the other hand, fixed in an impermissibly vague way a higher range of sentences for certain defendants which implicated "concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id*. at 894. *See also United States v. Matchett,* 802 F.3d 1185, 1194-96 (11th Cir. 2015) (holding that the Sentencing Guidelines cannot be challenged as unconstitutionally vague).

## CONCLUSION

Because Defendant's conviction became final in 2006 and *Johnson* does not apply to his career offender sentence, his motion is untimely under both § 2255(f)(1) and (3) and should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §

2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (ECF No. 63), be **DENIED** to the extent he seeks relief based on the Supreme Court's decision in *Johnson* and otherwise be **DISMISSED as untimely**.

2. A certificate of appealability should be **DENIED**.

Case Nos.: 5:04cr16/MCR/MJF; 5:16cv220/MCR/MJF

**IN CHAMBERS** at Pensacola, Florida, this <u>19th</u> day of October, 2018.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:04cr16/MCR/MJF; 5:16cv220/MCR/MJF